UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

O'NEIL, JR. ET AL.                          CIVIL ACTION

VERSUS                                      11-11

ABBOTT LABORATORIES, INC. ET AL.            SECTION: J (3)

### ORDER AND REASONS

Before the Court are Defendants Abbott Laboratories, Inc. and Abbott Laboratories' (collectively "Abbott") **Motion to Dismiss (Rec. Doc. 6)** and Plaintiffs John O'Neil, Jr. and Jennifer O'Neil's **Opposition (Rec. Doc. 18).**

### PROCEDURAL HISTORY AND BACKGROUND FACTS

Plaintiffs bring this putative class action in response to Abbott's September 2010 recall of its Similac-brand infant formula products. After Abbott discovered warehouse beetles at one of its manufacturing facilities, it recalled products manufactured there.

Plaintiffs assert that their infant suffered diarrhea and diaper rash from formula manufactured by Abbott and assert that Abbott was negligent in the manufacturing of this formula.

### THE PARTIES' ARGUMENTS

Abbott argues that Plaintiffs' action should be dismissed for two reasons. First, under Abbott's view, Plaintiffs' claim is governed by Louisiana state law, which does not recognize manufacturer negligence as a basis of liability for injuries

caused by a product. Arguing that Louisiana law governs, Abbott cites to Louisiana's Civil Code Article 3545, which provides that "[d]elictual and quasi-delictual liability for injury caused by a product, as well as damages, whether compensatory, special, or punitive, are governed by the law of [Louisiana]" "if the injury was sustained in [Louisiana] by a person domiciled or residing in [Louisiana]."

Abbott then directs the Court's attention to the Louisiana Products Liability Act (LPLA), the substantive law which it claims governs the case. Abbott contends that LPLA establishes exclusive theories of liability for manufacturers, which do not include negligence, strict liability, and breach of express warranty.

Abbott's second argument is that Plaintiffs' allegations–that they purchased recalled Similac and that their child suffered diarrhea and diaper rash–do not amount to an injury under the Iqbal standard. Abbott argues that Plaintiffs have not raised a right to relief beyond simple speculation. Abbott explains that while Plaintiffs provide a lot number for the regular Isomil that they fed their daughter, they do not allege that this lot number was part of Abbott's five-million-unit recall, nor do they allege that the other Similac products that they purchased were recalled. Abbott argues further that although Plaintiffs identify several product lines that were

2

subject to recall (Similac Advanced, Go and Grow milk powder, and Isomil Advanced Powder), they do not allege that they fed their daughter any of these products. Abbott's position is that Plaintiffs' mention of the recall does not prove that the particular units of formula purchased by Plaintiffs were defective.

Abbott explains that because Plaintiffs' alleged injury is that their daughter developed diarrhea and diaper rash two weeks after first consuming Similac Isomil Sensitive, Plaintiffs have not properly alleged a causation element of a negligence claim. Quoting Iqbal, Abbott requests that the Court dismiss Plaintiffs' claim because their complaint "pleads facts that are 'merely consistent with' [the] defendant's liability," rather than indicative of it. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Under Abbott's view, common sense indicates that infants often suffer from diarrhea and diaper rash for a number of non-entomological reasons. Additionally, Plaintiffs have not offered other factual allegations that may have made a theory of causation more plausible—such as observation of insect pieces in the formula, lab tests that confirmed the presence of beetles, or a medical diagnosis that suggested consumption of insects.

Plaintiffs counter that dismissal is inappropriate because Abbott has failed to show that it is beyond any doubt that Plaintiffs can prove no set of facts to support their claim.

3

Plaintiffs construe Defendants' main objection to be that
Plaintiffs did not mention the LPLA. Plaintiffs insist that
mention of a specific statute is not necessary to give adequate
notice to Defendants of their claims under the Federal Rules of
Civil Procedure.

Plaintiffs also maintain that they have met the standard set
forth in Iqbal, which only requires that Plaintiffs allege "more
than a sheer possibility that a defendant has acted unlawfully."
129 S.Ct. at 1949. Plaintiffs argue that they have adequately
pled causation and injury by pleading that their daughter
consumed contaminated products, that the contamination was caused
by Abbott's negligence, and that the Abbott's contaminated
product caused the medical problems. Plaintiffs further contend
that Abbott insists on a presentment of trial evidence that is
not necessary before discovery (and explain that the formula at
issue is a powder so fine that finding larvae would have been
virtually impossible).

**DISCUSSION**

Under the Federal Rules of Civil Procedure, a complaint must
contain "a short and plain statement of the claim showing that
the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The
complaint must "give the defendant fair notice of what the claim
is and the grounds upon which it rests." Dura Pharm., Inc. v.
Broudo, 544 U.S. 336, 346 (2005). The allegations "must be

simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. "A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232-33 (5th Cir. 2009); Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996). The court is not, however, bound to accept as true legal conclusions couched as factual allegations. Iqbal, 129 S.Ct. at 1949-50.

Defendants are correct that Louisiana law will govern the case. See La. Civ. Code art. 3545 (providing that Louisiana law governs products-liability claims for injuries that occur in Louisiana); Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 494 (1941) (explaining that a federal court must follow the conflict-of-laws rules of the state in which it sits). Accordingly, the Louisiana Products Liability Act (LPLA), which provides exclusive theories of liability for manufacturers for damage caused by their products, governs Plaintiffs' claims. La.

5

Rev. Stat. Ann. § 9:2800.51-59.

In order to bring a successful products-liability action under LPLA, "a plaintiff must establish four elements: (1) that the defendant is a manufacturer of the product; (2) that the claimants damage was proximately caused by a characteristic of the product; (3) that the characteristic made the product 'unreasonably dangerous'; and (4) that the claimant's damage arose from a reasonably anticipated use of the product by the claimant or someone else." Stahl v. Novartis Pharm. Corp., 283 F.3d 254, 261 (5th Cir. 2002) (citing La. Rev. Stat. Ann. § 9:2800.54; the statute goes on to explain how a plaintiff can demonstrate that a product is "unreasonably dangerous").

Although the "statutory mechanisms for establishing that a product is unreasonably dangerous 'are predicated on principles of strict liability, negligence, or warranty,'" id., plaintiffs alleging products-liability causes of action post-LPLA do not have access to the following theories of liability: negligence, strict liability and breach of express warranty. Id. Rather, plaintiffs must use the theories of recovery outlined by the LPLA.

Plaintiffs mistakenly construe Defendants' main objection to be that Plaintiffs did not mention the LPLA. Plaintiffs are correct that mention of a specific statute is not necessary to give adequate notice to Defendants of their claims under the

Federal Rules of Civil Procedure. However, Plaintiffs have asserted a negligence claim against Defendants. And, in the wake of the LPLA, negligence is not a valid theory of recovery in products-liability actions. The Court grants leave to Plaintiffs to amend their Complaint to assert claims pursuant to the LPLA, using the elements outlined <u>supra</u>.

Accordingly, because the LPLA provides the exclusive remedy for products liability actions against manufacturers under Louisiana law,

**IT IS ORDERED** that Defendants' **Motion to Dismiss (Rec. Doc. 6)** is **GRANTED**. Plaintiffs have until <u>May 11, 2011</u> to file an amended complaint pursuant to LPLA.

**IT IS FURTHER ORDERED** that oral argument on this motion, currently scheduled for March 16, 2011, is **CANCELLED**.

New Orleans, Louisiana, this 11th day of March, 2011.

**Carl J. Barbier**
**U.S. District Judge**

7